```
1  Patrick Halpin
   2030 Arriba Way
2  Santa Maria, CA 93458
   805-310-4161
3  phalpin@outlook.com
```



Patrick Halpin, IN PRO PER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| NAME OF PLAINTIFF,<br>   Patrick Halpin<br>   VS.<br>NAME OF DEFENDANTS,<br>   The Schreiber Law Firm, PLLC;<br>and DOES 1 to 10 | Case No. CV14-4357 VBK<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**BY FAX** |

### VERIFIED COMPLAINT

Patrick Halpin ("Halpin") alleges the following against The Schreiber Law Firm, PLLC. ("TSLF")

### INTRODUCTION

1. Count I of the Plaintiff's Complaints is based on the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 et seq.

2. Count II of the Plaintiff's Complaint is based on the Telephone Consumers Protection Act ("TCPA"), 47 U.S.C § 227 et seq.

3. Count III of the Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civil Code § 1788 et seq.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

**JURISDICTION AND VENUE**

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

5. Defendant(s) conduct business in the state of California, and therefore, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

7. Patrick Halpin ("Halpin") is a natural person residing in Santa Maria, Santa Barbara County, California.

8. Patrick Halpin is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and according to TSLF, Halpin owes an alleged debt as that term is defined by 15 U.S.C. § 1692a(5) and California Civil Code § 1788.2(h).

9. Defendant The Schreiber Law Firm, PLLC ("TSLF") is a collection law firm operating from 53 Stiles Road STE A-102, Salem, NH 03079. TSLF's Registered Agent for Service of Process is Edward C. Dial Jr. Esq, 53 Stiles Road STE A-102, Salem, NH 03079.

10. TSLF's principle purpose is the collection of debts and TSLF regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. TSLF regularly uses the telephone to engage in the business of collecting debt in several states including California. Thus, TSLF is a "Debt Collector" as defined by the FDCPA 15 U.S.C § 1692a(6).

11. The true names and capacities, whether individual, corporate, or in any other form, TSLF Defendants DOES 1 through 10,

inclusive and each of them, are unknown to Halpin who therefore sues them by such fictitious names. Halpin will seek leave to amend this complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

**FACTUAL ALLEGATIONS**

12. TSLF contacted Halpin in the attempt to collect an alleged debt. This alleged debt was incurred prior to June 11, 2013. This alleged debt has not been identified by the TSLF.

13. The alleged debt is an obligation of a consumer to pay money arising out of a transaction or service and the subject of the transaction are primarily for personal purposes, whether or not such obligation has been reduced to judgment. Thus, the alleged debt is a "debt" as defined by 15 U.S.C § 1692a(5).

14. At all times relevant to this action, TSLF contacted Halpin for the purpose of collecting the alleged debt.

15. TSLF has owned, operated and/or controlled telephone numbers (267)525-7075, (267)525-7060, (877) 556-34388. At all times relevant to this action, TSLF called Halpin from, but not limited to, telephone numbers (267)525-7075, (267)525-7060, (877) 556-34388 for the purpose of collecting on the alleged debt.

16. TSLF repeatedly and continuously called Halpin on Halpin's cellular telephone for the purpose of collecting on the alleged debt.

17. TSLF's conduct in attempting to collect on the alleged debt from Halpin was done to harass, oppress or abuse Halpin.

18. TSLF caused Halpin's cellular phone to ring or attempted to engage Halpin in telephone conversations repeatedly or continuously with the intent to annoy, abuse or harass Halpin.

19. TSLF regularly called Halpin multiple times in one day for the purpose of collecting on the alleged debt.

20. TSLF refused to provide Halpin the name and amount of the alleged debt.

21. TSLF failed to send within five days of initial contact a written notice on any alleged debt owed by Halpin.

22. TSLF received notice by Halpin on June 11, 2013 that all calls to Halpin's cellular phone, place of employment or any other contacts are inconvenient and any further communication must done in writing.

23. TSLF continued to call Halpin's cellular phone after being notified all calls are inconvenient.

24. As a debt collection agency, TSLF is subject to, and required to abide by the laws of the United States, which include the TCPA and its related regulations that are set forth at 47 C.F.R § 64.1200 as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpret and enforcing the TCPA and TCPA regulations.

25. TSLF owns, operates and/or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C § 227(a)(1) that originates, routes and/or terminated telecommunications.

26. TSLF called Halpin's cellular phone no less than 6 times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C § 227(a)(1)(A) and (B).

27. TSLF never received Halpin's consent to call Halpin on Halpin's cellular phone using an "automatic telephone dialing system" or "artificial or prerecorded voice" as defined by TCPA 47 U.S.C § 227(a)(1).

28. TSLF did not have an emergency purpose for contacting Halpin at Halpin's cellular phone using an artificial prerecorded voice or an automatic telephone dialing system as defined by TCPA 47 U.S.C § 227(a)(1)(A).

29. TSLF on no less than 6 separate occasions willfully and/or knowingly contacted Halpin at Halpin's cellular phone using artificial prerecorded voice or an automatic telephone dialing system in violation of the TCPA.

## COUNT I

### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30. Halpin incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

31. TSLF directly violated the FDCPA. TSLF violations included but are not limited to the following,

(A) TSLF directly violated 15 U.S.C. § 1692c(a)(1)(b) by communicating with a consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer; and

(B) TSLF directly violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which to harass, oppress or abuse any person in connection with the collection of the alleged debt.

32. On June 11, 2013 Halpin spoke with an unidentified female from TSLF at 12:02PM (PST) by calling (877) 556-4388 after an automated call was made to Halpin's cellular phone.

33. The unidentified female refused to provide her name and why she was calling Halpin. The unidentified female refused to provide any information on the alleged debt.

34. Halpin informed the unidentified female to stop calling his cellular phone as TSLF has no permission to do so.

35. Halpin requested that any further contact by the TSLF be done so in writing.

36. Halpin disputed any alleged claim TSLF would make against Halpin and elected to settle any alleged dispute by private binding arbitration if the alleged dispute had an arbitration clause.

37. Immediately after hanging up with the unidentified female the same unidentified female called Halpin on his cellular phone two times from (267) 525-7075 at 12:08PM and 12:10PM (PST) on June 11, 2013. On both calls the unidentified female yelled profanity at Halpin.

38. TSLF directly violated 15 U.S.C. § 1692d(5) by causing Halpin's cellular phone to ring or engaging Halpin in cellular phone conversations repeatedly.

39. TSLF directly violated 15 U.S.C. § 1692g(a) after leaving an initial automated message on Halpin's cellular phone on June 11, 2013 and not sending a written notice containing the following,

    (1) the amount of the debt

    (2) the name and creditor to whom the debt is owed

    (3) a statement that the consumer has 30 days upon receipt of the notice to dispute the debt

      (4) a state that if the consumer notifies the collector in writing within 30 days the debt collector must verify the debt

      (5) that upon written request the debt collector must provide the name and address of the original creditor if different from the current collector.

40. TSLF's acts as described above were done intentionally with the purpose of coercing Halpin to pay an alleged debt. As a result of the foregoing violations of the FDCPA, TSLF is liable to Halpin for declaratory judgment that TSLF violated the FDCPA, actual damages, statutory damages and costs.

## COUNT II

### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

41. Halpin incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

42. On June 11, 2013 at 08:23AM (PST) TSLF calling from (267) 525-7060 left the following automated message for Halpin,

> *"This is a message for Patrick Halpin if you are not Patrick Halpin please hang up or disconnect. If you are Patrick Halpin please continue to listen to this message. There will now be a 3 second pause in this message. By continuing to listen to this message you acknowledge you are Patrick Halpin this is The Schreiber Law Firm a debt collection company. This is an attempt to collect a debt any information obtained will be used for that purpose. Please contact us about an important business matter at 1-877-556-4388. Thank you."*

43. TSLF on no less than 6 separate occasions violated TCPA 47 U.S.C § 227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States … to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service … or any service for which the called party is charged for the call.

44. TSLF on no less than 6 separate occasions willfully and/or knowingly contacted Halpin at Halpin's cellular phone using an artificial prerecorded voice or an automatic telephone dialing system and as such, TSLF knowing and/or willfully violated the TCPA.

45. On June 11, 2013 Halpin notified TSLF that TSLF was calling Halpin's cellular phone and to cease and desist all calls to Halpin's cellular phone.

46. As a result of TSLF's direct violation of 47 U.S.C § 227, Halpin is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C § 227(b)(3)(B). If this Honorable Court finds that TSLF knowingly and/or willfully violated the TCPA, Halpin is entitled to an award of $1,500.00 for each and every violation pursuant to 47 U.S.C § 227(b)(3)(B) and 47 U.S.C § 227(b)(3)(C).

47. Halpin also seeks injunctive relief prohibiting such conduct by TSLF in the future.

### COUNT III.

**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

48. Halpin incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

49. TSLF directly violated the RFDCPA. TSLF violations included but are not limited to the following,

(A) TSLF directly violated RFDCPA § 1788.11(d) by causing Halpin's cellular phone to ring repeatedly and continuously so as to annoy Halpin; and

(B) TSLF directly violated RFDCPA § 1788.17 by continuously failing to comply with the statutory regulations contained within the FDCPA 15 U.S.C § 1692 et seq. as set forth in paragraph 28.

## PRAYER FOR RELEIF

WHEREFORE, the Plaintiff, Patrick Halpin, respectfully requests judgment to be entered against The Schreiber Law Firm, PLLC for the following:

(a) Declaratory judgment that TSLF violated the FDCPA, the TCPA and the RFDCPA pursuant to 28 U.S.C §§ 2201 and 2202; and

(b) An injunction prohibiting TSLF from contacting Halpin on Halpin's cellular phone using an automated dialing system pursuant to 47 U.S.C § 227(b)(3)(A); and

(c) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. § 227(b)(3)(B); and

(d) As a result of TSLF's violation of the FDCPA, Halpin is entitled to and requests statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); and

(e) As a result of TSLF's violation of U.S.C. § 227(b)(1), Halpin is entitled to and requests $500.00 statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

    (f) As a result of TSLF's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Halpin is entitled to and requests treble damaged, as provided by statute, up to $1500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)

    (g) Statutory damages of $1,000.00, pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b)

    (h) Costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    (i) Costs pursuant to Cal. Civ. Code § 1788.30(c)

    (j) For such other and further relief as this Honorable Court deem just and proper.

### DEMAND FOR JURY TRIAL

Please take notice that Halpin demands a trial by jury in this action.

DATED: June 4, 2014        BY: _____
                                           Patrick Halpin

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)
Patrick Halpin, in Pro Per

**DEFENDANTS**
The Schreiber Law Firm, PLLC; and DOES 1 to 10.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C Section 1692, et all.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | REAL PROPERTY | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 220 Foreclosure | IMMIGRATION | | | FEDERAL TAX SUITS |
| | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

FOR OFFICE USE ONLY:   Case Number: **CV14-4357**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

BY FAX

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Rockingham County, Salem, New Hampshire |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_ Date June 04, 2014

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |